# CHARLESTON.

WEST *et al. v.* RAWSON, JUSTICE OF THE PEACE, *et al.*

Submitted January 28, 1895—Decided April 6, 1895.

1. GRIST MILL—TOLL—JUSTICE OF THE PEACE.
   The five dollars' forfeit prescribed by law (section 37, chapter 44, Code) to be paid by the proprietor of a grist-mill to his customer for taking more toll than allowed by the statute may be recovered in a civil proceeding before a justice of the peace.

2. JUSTICE OF THE PEACE – JURISDICTION —WRIT OF PROHIBITION
   Where such justice has jurisdiction of the subject-matter in controversy, and does not exceed his legitimate powers, a writ of prohibition should not be granted.

F. A. BROWN for plaintiffs in error, cited Code, c. 44, s. 37; Id. c. 36, ss. 3, 4, 5, 6; Id. c. 50, ss. 219-230; Code 1819, vol. 2, p. 58; Code 1849, c. 43; Code, c. 50, ss. 8, 9, 10, 11, 12; Code 1849, c. 150, s. 1; Code 1860, c. 150, s. 1; Const. Art. III, s. 14.

CASTO & LOCKHART for defendant in error, cited 21 W. Va. 134; Code, c. 44, s. 37; 6 Gratt. 481; Code, c. 36, ss. 1, 2, 3, 4, 5; 3 Rob. (New) Pr. 382-3; 18 S. E. Rep. 280; Code 1819, vol. 2, p. 228-9.

HOLT, PRESIDENT:

Upon a writ of error to the judgment of the Circuit Court of Wirt county rendered on the 21st day of June, 1894, refusing to award plaintiffs in error (defendants before justice below) a writ of prohibition. ..

The plaintiffs in error, O. West and others, are the owners of a grist-mill in the county of Wirt. John Lockhart, one of the defendants, took grain to the mill, to be ground

for the consumption of himself and family. He complained that the proprietors of the mill took for toll more than the statute allows, and accordingly brought suit before W. J. Rawson, a justice of the peace, against West and others, to recover five dollars, the sum which the statute declares the proprietor of the mill shall forfeit to the party injured for such violation.

Such proceedings were had before the justice that the cause was ready and about to be tried when defendant West applied for and obtained from the Circuit Judge, in vacation, a rule against W. J. Rawson, the justice, and John Lockhart, the plaintiff, to appear at a time and place designated, after being served with a copy of the order, and show cause, if any they could, why a writ of prohibition should not be awarded commanding Rawson, the justice, and Lockhart, the plaintiff, to cease from further proceeding in said action then pending before the justice. On the 27th day of March, 1894, the plaintiffs, O. West and others, appeared in court, and on their motion the rule having been served, their motion for writ of prohibition was docketed. On the 6th day of April, defendant Lockhart tendered his answer to the rule, and the same was ordered to be filed. On the 21st day of June, West and others moved the court to strike out the answer, but the court overruled the motion; and the cause then coming on to be heard upon the pleadings and evidence, including the transcript of the record of the proceedings pending before the justice and argument of counsel, the court was of opinion that plaintiffs, West and others, did not show themselves entitled to the writ, and gave judgment that the same should not issue, dismissing the rule, with costs.

The only question of importance turns upon the meaning and application, with reference to the jurisdiction of a justice, of section 37 of chapter 44 of the Code (Ed. 1891, p. 358) which reads as follows:

"Sec. 37. At every mill which grinds grain, whether the same be established under an order of the court or not, there shall be well and sufficiently ground, all grain brought to the mill for the consumption, when ground, of the person

bringing or sending it, oɔ his family, and in due turn as the same is brought, and within a reasonable time thereafter; and there shall not be taken for the toll more than one eighth part of any grain of which the remaining part is ground into meal, nor more than one sixteenth part of any grain of which the remaining part is ground into hominy or malt. If at any mill there be a violation of this section in any respect, the proprietor thereof shall, for every such violation, forfeit to the party injured five dollars; but with these provisos, that the proprietor shall not be obliged to run more than one pair of stones to grind grain brought to the mill for consumption of the persons bringing or sending it, or their families, and that such proprietor may grind grain for the consumption of his family in preference to that of others."

This statute, in its main features, has a long history, going back to the acts of 1748 (see 6 Hen. St. pp. 58, 59) and has been kept up in every revisal of statutes from that time to this. I have not beeen able to find any case where this section has called for construction, but it was the practice to· bring actions of debt in such cases under the Code of 1849, and I can discover no material change. See Code 1849 (Ed. 1860, p. 370) c. 63, s. 12. If the statute prohibits the doing a thing under a penalty, and does not prescribe any mode of recovery, an action of debt may be maintained. Com. Dig. "Action upon Statute," F; 2 Bac. Abr. "Debt" A; *Sims* v. *Alderson* (1836) 8 Leigh 479. Here no mode is prescribed. By section 28 of article VIII of the Constitution the civil jurisdiction of a justice of a peace extends to actions of *assumpsit*, debt, detinue and trover, if the amount does not exceed three hundred dollars; that is, all causes of action for which these might be brought; and, under power conferred on the legislature by the same section, it has, in chapter 50 of the Code, made this civil jurisdiction still broader.

The plaintiffs in error contend that the five dollars prescribed by the statute, as the forfeit to be paid by 'the proprietor of the grist-mill to his customer for taking more toll than what is allowed by law, *viz.* one-eighth, can not be recovered before a justice in a civil proceeding; that it only

can be recovered either by presentment or indictment in the Circuit Court, or by criminal warrant and arrest before a justice; that a justice has no jurisdiction of the subject-matter at all, or, if jurisdiction, it is only on a criminal warrant, and not by any civil proceeding, and therefore the Circuit Court erred in refusing a writ of prohibition.

We do not think, however, that they made good the contention. Chapter 36 of the Code (the one in part relied on) relates to the mode of recovering fines. It provides that the term "fine" shall include every pecuniary penalty or forfeiture, and that it shall be to the state for the support of free schools, unless it is otherwise expressly provided, or would be manifestly inconsistent with the intention of the legislature. Here, as we have seen, it is otherwise expressly provided, for section 37 of chapter 44 says in so many words that the forfeit of five dollars shall go to the party injured; and Mayo, in his Guide (page 673) gives a civil warrant as the form for its recovery. In certain cases the informer or prosecutor is entitled to have a part of the fine, and no more. See Code, c. 36, s. 12. Here the whole goes unconditionally to the injured party, and, in no event or contingency does any part go to the state. Then, why should the state sue or prosecute for a penalty in which in no contingency it has any interest? And, as no costs can be recovered against the state, the mill owners would think it a great hardship, and quite a one-sided affair, that any customer could sue them with impunity without any risk as to the payment of costs on failure to make out a case; yet the mill owner must pay and pay always, to some extent, whether he gains or loses.

We are of opinion that the justice of the peace does have, by civil action, jurisdiction of such cases; and in this case Justice Rawson was in no particular exceeding his legitimate powers; and that the judgment of the Circuit Court in refusing the writ of prohibition was right. Judgment affirmed.